Filed 4/3/14  Watkins v. Anderson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GLORIA WATKINS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TINA ANDERSON et al.,<br><br>        Defendants and Respondents. | A138399<br><br>(Solano County<br>Super. Ct. No. FCS040633) |

Plaintiff Gloria Watkins (plaintiff) filed suit against defendants Tina Anderson, Ella Broxton Henderson and Jennie E. Edney (collectively, defendants) for alleged acts of assault, battery, intimidation, threats and coercion during the course of an ongoing labor dispute.  She appeals from an order granting defendants' special motion to strike the complaint under Code of Civil Procedure section 425.16, the so-called anti-SLAPP statute.[1]  We reverse, because the claims do not arise from acts protected by the anti-SLAPP statute.

## I.  BACKGROUND

Plaintiff's complaint alleges three causes of action:  (1) a violation of the Ralph Civil Rights Act (Civ. Code, § 51.7); (2) a violation of the Bane Act (Civ. Code, § 52.1); and (3) assault and battery.  The first two causes of action were alleged as to all three defendants; the last was alleged as to Henderson and Edney only.  Edney filed a cross-complaint asserting similar causes of action against plaintiff.

_____

[1]  "SLAPP" is an acronym for "strategic lawsuits against public participation." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)

1

Plaintiff's three causes of action arise from an incident that took place at the Kaiser Vallejo Medical Center (Kaiser Vallejo) on July 20, 2012. The complaint alleges: (1) plaintiff is employed by the National Union of Healthcare Workers (NUHW), which represents employees at Kaiser Vallejo; (2) defendants are shop stewards for the Service Employees International Union, United Healthcare Workers West (SEIU), which also represents employees at Kaiser Vallejo; (3) on July 20, 2012, while visiting Kaiser Vallejo, plaintiff was surrounded by about 25 SEIU shop stewards, a group that included the three defendants; (4) defendants Anderson and Henderson approached plaintiff in a confrontational manner, pointing at her and saying, "There she goes, there she goes!"; (5) the group then circled around plaintiff, clapping and chanting, "Get them out!," with all three defendants coming very close to plaintiff in an aggressive manner; (6) plaintiff, frightened and worried she would be physically hurt, took out her cellphone to videotape the group; (7) plaintiff believed she was going to be hit by defendant Edney when Edney stepped toward her in an aggressive way saying, "Don't tape me," or words to that effect; (8) with the crowd still chanting and clapping, plaintiff walked to a nearby bench and sat down; (9) defendant Henderson sat down next to plaintiff and repeatedly rammed her elbow into the side of plaintiff's torso for about five minutes as she clapped and yelled, "Call your back-up"; (10) plaintiff, who was in pain and feared for her safety, called her aunt, who came and sat next to plaintiff until plaintiff walked away; (11) the violence and threats against plaintiff were motivated by her position in a labor dispute between NUHW and SEIU.

Defendants filed a special motion to strike, contending that plaintiff's claims arose from a labor dispute constituting "conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest" within the meaning of the anti-SLAPP statute. (Code Civ. Proc., § 425.16, subd. (e)(4).) Defendants further argued plaintiff could not show a reasonable probability of prevailing on her claims. Plaintiff opposed the motion, arguing her claims were based on acts of physical violence and intimidation not protected by the anti-SLAPP statute. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 311-312 (*Flatley*).)

The trial court granted the anti-SLAPP motion. In its written order, the court stated: "Defendants have established the first prong of Code of Civil Procedure [s]ection 425.16, that the causes of action herein arise from the protected activity of a labor dispute . . . . [Citations.] Plaintiff has failed to establish the second prong of [Code of Civil Procedure section] 425.16. She has not demonstrated a probability of prevailing on the claims in her Complaint. [Citation.] Conduct such as use of a cell phone to videotape a member or employee of an opposing labor union during a demonstration, or clapping loudly and enthusiastically and/or chanting 'get them out,' even assuming the clapping involved elbow-contact with the person of Plaintiff, may be a trivial rough incident or a moment of animal exuberance, but do not constitute acts of violence sufficient to deny the right of free speech." The court also concluded plaintiff did not have a probability of prevailing on her claims because they were preempted by the National Labor Relations Act.

## II. DISCUSSION

The anti-SLAPP statute provides "a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." (*Nesson v. Northern Inyo County Local Hospital Dist.* (2012) 204 Cal.App.4th 65, 76, overruled on other grounds in *Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 686, fn. 18.) Under the anti-SLAPP statute, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b)(1).)

The consideration of a special motion to strike is a two-step process. First, the moving defendant has the burden of demonstrating the act or acts of which the plaintiff complains were in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue. (*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 669 (*Peregrine*).) If the court

3

finds such a showing has been made, the second prong of the analysis requires it to consider whether the plaintiff has demonstrated a reasonable probability of prevailing on the claim. (*Ibid*.) If the defendant fails to meet the initial burden of showing the conduct is protected, it is unnecessary to consider whether the plaintiff has demonstrated a probability of prevailing. (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1271.) On appeal, we independently determine whether a cause of action arises from protected activity. (*Peregrine,* at p. 670.)

Defendants argue that plaintiff is seeking relief for conduct that occurred during the course of a demonstration by union members and as such amounts to protected speech. An "act in furtherance of a person's right of petition or free speech" under the anti-SLAPP statute is defined to include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest" and "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (Code Civ. Proc., § 425.16, subd. (e)(3) & (4).) An ongoing labor dispute may qualify as a matter of public interest or public importance. (*Hailstone v. Martinez* (2008) 169 Cal.App.4th 728, 736-739; *Macias v. Hartwell* (1997) 55 Cal.App.4th 669, 673-674.)

While speech in connection with a labor dispute may be protected, illegal conduct and threats of violence or bodily injury are not protected activities for purposes of the anti-SLAPP statute. (*Flatley*, *supra*, 39 Cal.4th 299, 320 [extortion not protected communication]; *Lam v. Ngo* (2001) 91 Cal.App.4th 832, 851 (*Lam*) [though protest against a business owner's display of the Vietnamese flag was protected activity, physically accosting and intimidating store patrons were "clearly unprotected acts"]; *D.C. v. R.R.* (2010) 182 Cal.App.4th 1190, 1219-1220 [threatening comments posted by other students on plaintiff's website were unprotected by anti-SLAPP statute].) Plaintiff argues her claims do not "arise from" the protected activity of a dispute between two competing unions, but from the threats, violence and illegal conduct of three members of the rival union. We agree with plaintiff.

4

"According to subdivision (b)(1) of section 425.16: 'A cause of action against a person arising from any *act* of that person in furtherance of the person's right of free speech' is subject to a special motion to strike. (Italics added.) From this language, it is clear that we must look at the nature of the specific '*act*' that allegedly gives rise to the cause of action, not the gestalt or gist of the allegations generally." (*Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1189-1190 (*Wallace*).) "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)

The three causes of action in plaintiff's complaint do not arise from protected acts of petition and speech. Rather, they arise from alleged threats and acts of violence not covered by the anti-SLAPP statute. The first cause of action is for a violation of the Ralph Civil Rights Act, which provides that persons in California "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of . . . [their] position in a labor dispute." (Civ. Code, § 51.7, subd. (a).) The second cause of action is for violation of the Bane Act, which authorizes civil damages and injunctive relief when an individual's exercise of state or constitutional rights has been interfered with "by threats, intimidation, or coercion." (Civ. Code, § 52.1, subds. (a), (b).) The essential elements of a cause of action for assault as alleged in the third cause of action are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm. (CACI No. 1301; *So v. Shin* (2013) 212 Cal.App.4th 652, 668-669 (*So*).) The essential elements of a cause of action for battery as alleged in the third cause of action are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or

5

offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching. (CACI No. 1300; *So*, *supra*, 212 Cal.App.4th at p. 669.)

Each cause of action thus requires the plaintiff to prove the defendants made threats or committed acts of violence. Physically accosting and intimidating someone is a "clearly unprotected act[ ]" under the first prong of the anti-SLAPP statute. (*Lam*, *supra*, 91 Cal.App.4th at p. 851.) While the complaint alleges the threats and acts of violence took place during a spontaneous demonstration by SEIU shop stewards, the protected activities of peacefully clapping and chanting as part of that demonstration did not constitute the conduct on which plaintiff's causes of action were based. The complaint specifically alleges, "In pleading the causes of action herein, the plaintiff does not seek remedy for any conduct that is a pure free speech activity, but rather seeks remedies based on violence, threat of violence, and physical injury that she suffered as a direct and proximate result of the unlawful conduct of the defendants, and of each of them."

Defendants argue the allegations underlying the causes of actions rely in part on clapping and chanting by the SEIU stewards during the demonstration and cites the principle, "[W]here a defendant shows that the gravamen of a cause of action is based on nonincidental protected activity as well as nonprotected activity, it has satisfied the first prong of the SLAPP analysis." (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1551, fn. 7.) This principle is inapplicable, because this is not a case in which the causes of action are *based on* both protected and nonprotected activities.

Defendants blur the distinction between "(1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based on* speech or petitioning activity." (*Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1214-1215.) The clapping and chanting described in the complaint might have some evidentiary value in a trial on plaintiff's claims, but would not render the defendants liable under any of the alleged causes of action. "The additional fact that protected activity may lurk in the background—and may explain why the rift between the

6

parties arose in the first place—does not transform a . . . dispute into a SLAPP suit." (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 478.) The complaint simply does not "target" protected activity. (*Wallace*, *supra*, 196 Cal.App.4th at pp. 1197, 1198 & fn. 14, 1200-1202.)

Because our independent review convinces us defendants did not satisfy the first prong of Code of Civil Procedure section 425.16, we do not consider whether plaintiff established a probability of prevailing on her claims.[2] Proceeding to the second prong of the anti-SLAPP analysis "would, in effect, turn the anti-SLAPP statute into a cheap substitute for summary judgment." (*Commonwealth Energy Corp. v. Investor Data Exchange, Inc.* (2003) 110 Cal.App.4th 26, 31-32.) Our conclusion that defendants failed to satisfy the first prong implies no finding that plaintiff's causes of action are meritorious, and defendants remain free to challenge the complaint on grounds other than those set forth in Code of Civil Procedure section 425.16.

Plaintiff contends she is now the prevailing party on the anti-SLAPP motion and is entitled to reasonable attorney fees under Code of Civil Procedure section 425.16, subdivision (c)(1): "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." A prevailing plaintiff's entitlement to attorney fees is discretionary and is most appropriately addressed to the trial court in the first instance. (See *In re Tobacco Cases I* (2011) 193 Cal.App.4th 1591, 1603-1604 [entitlement to contractual attorney fees in "mixed result" case is discretionary matter properly addressed

---

[2] We deny as moot plaintiff's August 8, 2013 request for judicial notice of a letter by the National Labor Relations Board relating to defendants' claim that the instant lawsuit is preempted by the National Labor Relations Act.

to trial court in the first instance].)  Plaintiff may seek an award of fees in the trial court, on remand.  We express no opinion on the appropriate outcome of such a motion.[3]

## III.  DISPOSITION

The order granting defendants' special motion to strike under Code of Civil Procedure section 425.16 is reversed.  Plaintiff is awarded ordinary costs on appeal.

_____
NEEDHAM, J.

We concur.

_____
SIMONS, Acting P.J.

_____
BRUINIERS, J.

---

[3]  Plaintiff indicates a subsequent order awarding defendants attorney fees under Code of Civil Procedure section 425.15, subdivision (c)(1) is currently on appeal in case No. A139322.  The reversal of an order granting a defendant's anti-SLAPP motion also necessitates a reversal of an award of attorney fees to the defendant as a prevailing party. (*Santa Monica Rent Control Bd. v. Pearl Street, LLC* (2003) 109 Cal.App.4th 1308, 1320.)  Upon the finality of this opinion, the parties may wish to consider an expedited resolution of that appeal.